UNITED STATES *v.* ONE RAFT OF TIMBER.

*(Circuit Court, D. South Carolina.  May 6, 1882.)*

1. ADMIRALTY—REV. ST. §§ 4233, 4234—RAFTS.
    Sections 4233 and 4234 of the Revised Statutes were intended to embrace all classes of vessels, including rafts; and a raft that fails to carry proper torch-lights violates the statute, and is liable to the penalty imposed by section 4234, although rafts are not specially named in said section.

2. SAME—SEIZURE—JURISDICTION—LIBEL.
    As in cases of seizure the jurisdiction depends upon the fact and place of seizure, these must be averred in the libel; and if not, the libel may be objected to and dismissed at any stage of the proceedings.

BOND, C. J.  This case comes up on an appeal from the district court sitting in admiralty.  The libel alleges that under the Revised Statutes of the United States rafts and other water-craft, when anchored in or near the channel of any river or bay, shall carry one or more good white lights, in such manner as the board of supervisors might prescribe, and that upon a failure so to do they are liable to pay to the United States the sum of $200, for the payment of which such crafts may be seized and proceeded against summarily by way of libel.  It further alleges that the raft in question, on the night of the twenty-seventh day of January, 1880, while navigating Wappoo Cut, a bay or river of the United States in the district of South Carolina, by hand-power and sail, and by the current of the river, and being anchored or moored in the channel of said bay or river, failed to carry such lights as above provided.  The libel, therefore, prays the ordinary process, and that the raft be decreed liable to the said penalty, and be sold to pay the same.  The answer, which is in the nature of a demurrer, raises the legal objection that there is no provision of law subjecting rafts to the penalty claimed.

The district court sustained the demurrer, and rendered a decree dismissing the libel on this ground, holding that although there is statutory requisition that rafts must carry lights, yet congress has not provided any penalty now existing which can be enforced against a raft by reason of not carrying lights.  The question now before the court is therefore purely one of law.

Section 4233 of the Revised Statutes of the United States prescribes certain rules for the navigation of vessels of the navy and mercantile marine of the United States.

Rule 12 of this section requires that "coal boats, trading boats, * * * rafts, or other water-craft navigating any bay, harbor, or

river by hand-power, sail, or by the current of the river, or which shall be anchored or moored in or near the channel or fair-way of any bay, harbor, or river, shall carry one or more good white lights, which shall be placed in such manner as shall be prescribed by the board of supervisors, inspectors of steam-vessels.".

Section 4234 provides that "collectors   *   *   *   shall require all sail-vessels to be furnished with proper signal lights," and every such vessel "shall show a torch to a steam-vessel approaching at night." The same section then goes on to provide that "every such vessel that shall be navigated without complying with the provisions of this and the preceding section shall be liable to a penalty of $200, one-half to go to the informer; for which sum the vessel so navigated shall be liable, and may be seized and proceeded against by way of libel in any district court of the United States having jurisdiction of the offense."

There is no penalty other than the above prescribed for the violation of any or all the various and important rules contained in the preceding section.   Unless, therefore, this cause applies, these rules may be violated with perfect impunity.

It is contended by the defense that this penalty is, by a proper construction of the words, limited only to sailing vessels, being the class immediately before referred to, and that this is further made out from the side notes to this section, and from an examination of the former acts of which this section formed a part before the Revision of the United States statutes was made; and that, therefore, there is no such remedy as a libel *in rem* against a raft upon a seizure given by the statute.   In this view the court does not concur.   Although an examination of the former acts is often of great assistance, still they are not controlling.   The court must be governed by the Revised Statutes as they were enacted by congress, not by the former acts which that Revision replaces.   And, although the side notes are a great assistance in enabling a more ready reference to the statutes, still, it is the text of the statutes, and not to these marginal notes, that we must look for the law.   Statutes must be so construed as to carry out the intention of the legislature in passing them; and what this intention is must always be more or less a matter of inquiry.

These navigation laws are not, strictly speaking, penal laws.   But, even if they were, "we are bound to interpret them according to the manifest import of the words, and to hold all cases which are within the words and the mischiefs to be within the remedial influence of the statute."   We must "adopt that sense of the words which har-

monizes best with the context, and promotes in the fullest manner the apparent policy and object of the legislature." *U. S.* v. *Winn,* 3 Sumn. 212; *The Enterprise,* 1 Paine, 33; *The Industry,* 1 Gall. 117. This chapter in the Revised Statutes is on the subject of "navigation." Section 4233 prescribes rules for the "navigation" of vessels of all kinds and characters.

The importance of these rules is inestimable and undisputed. Upon their rigid enforcement depends the preservation of both life and property. In the same rule, in very many instances, like provision is made both for sail-vessels and vessels of other kinds. A violation of the rule by any other kind of vessel is as equally fraught with danger as if such violation were by a sail-vessel. In many instances the risk and danger would be greater; and yet to adopt the argument of the defense would be to hold that congress has been guilty of class legislation; that it has provided a penalty for the violation of these rules by sail-vessels, while a similar violation of the identical rule by a vessel of a different class is unnoticed and goes unpunished; that the object in view was not to enforce by proper penalties, rules necessary to the safety of the commercial world, and to enforce them upon all vessels alike, but merely to single out one class of vessels as alone liable to punishment for this infringement. This cannot prevail. Congress was dealing with a general class and with a general subject. It was providing general rules, and it provided a general penalty. As already stated, the subject of the chapter is "navigation."

The first sentence of section 4233 states that the rules are to govern "the navigation of vessels;" and the penal clause provides that "every such vessel that shall be navigated without complying with the provisions of such section shall be subject to the penalty." Manifestly it includes all vessels, to govern the navigation of which these rules were adopted. If this sentence stood by itself as a distinct section, or if sections 4233 and 4234 were united as one section, there could be no shadow of a question. Without the change of a single word or the addition of a single syllable it would undoubtedly embrace every class of vessel referred to; and therefore the only confusion arises from this sentence in the subdivision of the statutes being put as a part of section 4234.

"But," to adopt the appropropriate words of Judge Story in a similar case, "what possible difference can it make in the construction of a statute that there is a subdivision into sections?

"Suppose this act contained no such subdivision, might it not be read in precisely the same manner now as it would then read, and be interpreted in the same way? Clearly it might; for statutes are construed by the import of their words, and not by the mere division into sections or periods or sentences. The intention of the legislature does not break itself into sections. It is to be drawn from the entire *corpus* of this act, and not from a single passage.

"Where there, as here, a clause is found in one section which in its general language and import is equally as applicable to other sections and provisions of the same act as it is to the very section in which it is found; where, as here, the main object of those sections, and the true object and policy of the act, will be best promoted by reading it as applicable to all those sections; and where, as here, public mischiefs equally within the scope of the statutes would be thereby prevented, and upon a different construction those mischiefs would be left without redress,—there certainly is very strong ground to say that the clause ought to be so constructed as to suppress the mischiefs, and not promote or protect them; that as its language is appropriate, so it shall be construed as intended to include them. Where the public mischief is the same, and the words are sufficient to cover all the cases, it would be against all just rules of interpretation to confine the language to one case only." *The Harriett*, 1 Story, 251.

The decree of the district court is for these reasons overruled, and the penalty imposed by section 4234, with the mode of enforcement, is held to be applicable to all classes of vessels and water-craft mentioned in section 4233.

It is further objected, however, by the defense that the court has no jurisdiction in this case, because, being a case of seizure, there is no averment of seizure and place of seizure in the libel; that the libel must therefore be dismissed upon this ground. This objection is raised for the first time in this court. An examination of the pleadings shows that no such averments are there made.

It is settled law that in cases of seizure the jurisdiction depends upon the fact and place of seizure, not upon the place where the offense was committed; and that such seizure must be subsisting at the time the libel is filed; and this objection to the proceeding can be taken at any stage of the proceedings. *The Ann*, 9 Cranch, 289; *The Fideliter*, 1 Abb. 577.

As it nowhere appears in the record that any seizure was made before the libel was filed, or that there was any subsisting seizure at that time, this objection must be sustained.

It is therefore adjudged and decreed that the appeal be dismissed upon the ground that no seizure was made prior to the filing of the libel.