UNITED STATES v. MARTHINSON.

(District Court, E. D. South Carolina. November 28, 1893.)

NAVIGABLE WATERS—OBSTRUCTIONS—CRIMINAL OFFENSE.

The provision of the river and harbor appropriation act of September 19, 1890, making it an offense to obstruct a navigable stream, is directed against casting into or constructing upon the beds thereof anything creating obstructions more or less permanent in character, and does not apply to the floating of logs or rafts which may temporarily obstruct the surface of the stream.

At Law. Indictment of Charles Marthinson for obstructing a navigable stream. On motion to instruct the jury to find defendant not guilty. Granted.

W. Perry Murphy, U. S. Dist. Atty.
W. J. Montgomery, for defendant.

SIMONTON, District Judge. This indictment is brought under the sixth section of the act of congress approved September 19, 1890, entitled "An act making appropriations for the construction, repair, and preservation of certain public works on rivers and harbors," (1 Supp. Rev. St. 801.) The evidence in the case is that the defendant is a dealer in timber on the Great Pedee river, in South Carolina, a navigable water of the United States; that he made up his rafts in the upper part of the river, and floated them down the stream to market; that in several instances the rafts so made up were seen floating down the stream with no hands on them, and with no means of governing or directing their movement; that in this navigable river there were often sailing craft and steam vessels, and that the presence of these unguarded rafts was very dangerous to navigation, especially at night, the rafts frequently having no lights. It is also in evidence that at times a raft would break up, and that its debris would lodge on the bank of the river, obstructing the current; and also that a part of a raft had lodged in the stream, and had made an obstruction. The only evidence as to the manner in which the rafts left the place at which they were made up came from the defendant and his witnesses. They say that they were always provided with a crew, ropes, and oars. It was admitted, however, that on several occasions the crew had deserted rafts on their passage.

The act of congress on which this indictment was framed is directed against the casting into or constructing upon the beds of navigable streams anything which may create obstructions more or less permanent in character, diminishing the navigable capacity of the streams. It is not directed against the floating of logs or rafts thereon, which may obstruct the surface of the streams, but which necessarily are temporary in their effect. Rafts are included in the general term "vessels." Navigable streams are as much dedicated to their use as to the use of other vessels. If this privilege of use be abused, the persons so abusing the use are liable civilly for damages they may occasion. This act of congress does not make them liable criminally.

The jury will find the defendant not guilty.