(No. 5651. Decided August 21, 1905.)

JAMES FOWLER, *Respondent,* v. MARTIN HARRISON *et al., Appellants.*[1]

WATERS—OBSTRUCTION OF NAVIGATION—FISH TRAPS—AUTHORITY FOR—CONSENT OF SECRETARY OF WAR—EVIDENCE. In an action for the wilful destruction of fish traps maintained by the plaintiff in a navigable stream, a certificate from the Secretary of War granting permission to maintain the traps is admissible in evidence to show plaintiff's good faith in endeavoring to comply with the law, especially where he also obtained a state license.

SAME—WILFUL DESTRUCTION OF FISH TRAPS—JUSTIFICATION—OBSTRUCTIONS—DAMAGES. The wilful and wanton destruction of fish traps in a navigable stream, by running into the same with a steamboat, is not justified by the fact that the traps were unlawfully maintained, where the channel of the river was not so obstructed as to impede navigation; and such acts render the wrongdoers liable in damages to the owner of the traps.

Appeal from a judgment of the superior court for Chehalis county, Irwin, J., entered December 1, 1904, upon the verdict of a jury in favor of the plaintiff, for damages for the destruction of fish traps, etc. Affirmed.

*J. B. Bridges (J. C. Cross,* of counsel), for appellants.

*John C. Hogan,* for respondent.

CROW, J.—Action by respondent, James Fowler, to recover damages from appellants, Martin Harrison and Ben Harrison, for the wilful and malicious destruction of certain fish nets, fish traps, and a dolphin, located in the Chehalis

[1]Reported in 81 Pac. 1055.

river.   The complaint alleged that respondent was author-
ized by the Secretary of War to maintain his fish trap and
set-net locations; that he also held licenses from the state
of Washington for the use of the same; and that the ap-
pellants, by the use of a certain steamer Fleetwood, owned
and operated by them, wrongfully, wilfully and maliciously
ran into, tore out, and destroyed said nets, traps, and dolphin,
to his damage in the sum of $605.

Appellants, in their answer, after denying said alleged
acts of trespass, affirmatively alleged, that they were own-
ers of, and operating, said steamer Fleetwood, upon the Che-
halis river and Grays Harbor; that said river, a stream in
which the tide ebbs and flows, is navigable for steam, sail-
ing, and other craft, for a long distance above the location
of the nets, traps, and dolphin mentioned in respondent's
complaint; that said fish nets and other appliances were an
unlawful obstruction in the channel of said stream; that
they were so carelessly and negligently maintained by re-
spondent as to interfere with navigation, and that, if they
were injured or destroyed, as in the complaint alleged, such
injury and destruction were not caused by any fault, wrong-
doing, or negligence of appellants.

The reply admitted that said stream was navigable, but
denied all other allegations of the answer.   Upon a trial of
these issues, the jury returned a verdict for respondent,
for the full amount claimed, and judgment being entered
on said verdict, this appeal has been taken.

The assignments of error urged by appellants are:   (1)
error in the admission of evidence;  (2) error in entering
judgment for respondent, because of insufficient evidence,
and the recovery being excessive.

Appellants' principal objection to evidence, offered by re-
spondent and admitted by the court, complains of a certain
written authority, with plat attached, issued to said re-
spondent, James Fowler, by the Honorable Secretary of

War, under date of December 22, 1900, and containing the following language:

"And Whereas, Mr. James Fowler, of Aberdeen, Washington, has applied to the Secretary of War for permission to maintain fish traps in the Chehalis River, Washington, as shown on the attached 'drawing: Now, Therefore, This is to certifiy that the Secretary of War, upon the recommendation of the Chief of Engineers, hereby gives unto said James Fowler permission to maintain fish traps in the Chehalis River, at said place, as shown on said drawing, on the following conditions: (1) That the grantee herein shall maintain suitable lights on said fish traps at night; (2) that said fish traps shall be immediately removed by said grantee, at his own expense, whenever so directed by the Secretary of War."

The drawing attached to this written authority was a plat of that portion of the river immediately above, below, and at the points where respondent's fish traps and other appliances were located. Said drawing showed the course, width, and depths of the channel, the location of certain fish traps and piles, and also a dolphin, together with other facts, and apparently was the drawing upon which respondent's application had been based. Appellants contend that the language of said instrument, as above quoted, shows no authority for maintaining a dolphin, but mentions fish traps only; also, that the United States government could not give authority to fish with traps, but that such authority must come from the state of Washington; appellants' argument, as we understand it, being that, as this instrument was not sufficient in law to authorize respondent to maintain fish traps, and as it purported on its face to do nothing else, it was therefore not competent evidence for any purpose in this case.

We think there is no merit in this contention. Without discussing the scope of authority, if any, granted by said instrument, it at least shows respondent was making an honest effort to comply with the laws of the United States,

in maintaining said obstructions; that he had applied to the Secretary of War for authority to maintain the same, and, as a result of such application, received the certificate of authority above mentioned. There was no error in admitting the certificate and drawing in evidence. Moreover, respondent also secured licenses from the state of Washington authorizing him to fish with said traps and nets. After making a careful examination of the record, we are unable to find that the trial court committed any prejudicial error, either in admitting or rejecting evidence.

The verdict of the jury upon which the final judgment was entered in favor of respondent, was clearly warranted by the evidence. In fact we fail to see how any other verdict could have been reached. The proof was overwhelming and conclusive to the effect that appellants, time after time, on numerous occasions, deliberately, wantonly, and purposely ran their steamer into and destroyed said fish nets, fish traps, and said dolphin. This being true, respondent would be entitled to recover the damages sustained by him, even though it were conceded that he had not, in all respects, complied with the law in obtaining authority from the Secretary of War, or licenses from the state of Washington. Numerous steamboat men were introduced as witnesses, and testified that they had navigated this stream for many years, some with larger, and some with smaller, vessels than the Fleetwood, and that none of them ever had any trouble with respondent's fishing appliances. The evidence also clearly shows that the channel of the stream was not so obstructed by respondent as to impede its navigation, and also establishes the malicious, wilful, and wanton conduct of appellants. Were it to be conceded that respondent was not lawfully occupying the stream, and that his fishing appliances were somewhat of an obstruction, appellants would not be thereby excused for maliciously and wilfully destroying the same, nor could they do such acts and escape liability to respondent for damages resulting to him therefrom. Ap-

pellants also contend that the verdict and judgment were excessive, but we find them to be fully supported by the evidence. Appellants have been represented in the trial court, and also in this court, by learned and able counsel, and have had a fair and impartial trial. We find no error in the record.

The judgment is affirmed.

Rudkin, Fullerton, and Root, JJ., concur.