## CORNELL STEAMBOAT COMPANY *v.* PHŒNIX CONSTRUCTION COMPANY.

### SAME *v.* SAME.

### SAME *v.* SAME.

ERROR TO THE SUPREME COURT OF THE STATE OF NEW YORK.

Nos. 933, 934, 935. Motion to dismiss or affirm submitted April 27, 1914.—Decided May 11, 1914.

While the fact of negligence may, if abstractly considered, be a state question concerning which this court would accept, and possibly might be bound by, the decision of the state court, when the negligence involves and concerns a subject of Federal jurisdiction which it is its duty to decide, this court must, to the extent necessary to enable it to discharge that duty, consider the subject independent of the action of the state court. *Southern Pacific Co.* v. *Schuyler*, 227 U. S. 601.

The fact that a vessel is anchored in a navigable river without the authority of the Secretary of War does not endow other vessels with a license to wrongfully injure it, nor does that fact relieve them from responsibility for colliding with the anchored vessel solely by their own negligence not contributed to in any way by it.

210 N. Y. 113, affirmed.

THE facts, which involve the jurisdiction of this court to review judgments of the state court, and also questions of negligence in colliding with vessels anchored in navigable waters, are stated in the opinion.

*Mr. E. Crosby Kindleberger* for defendant in error, in support of motion.

*Mr. J. Parker Kirlin* for plaintiff in error, in opposition to motion:

The Federal question involved must necessarily be the basis of the decisions in these cases. The Court of Appeals of the State of New York did actually decide these cases on the basis of the Federal question involved. 210 N. Y. 113, 118.

The judgment of the trial court that these cases could be decided solely on the ground of the defendant's negligence and the dictum in the opinion of the Court of Appeals to the same effect were erroneous and the Federal question raised by the defendant is necessarily involved in the decision. *Murdock* v. *City of Memphis*, 20 Wall. 590, 636.

One who erects a structure which is a public nuisance cannot recover damages for any injury to the structure in the absence of wilful fault. *Montgomery* v. *Portland*, 190 U. S. 89; *Cummings* v. *Chicago*, 188 U. S. 410; *Hart* v. *Mayor*, 9 Wend. 571; *Moore* v. *Commissioners*, 32 How. Pr. 184; *Blanchard* v. *W. U. Tel. Co.*, 60 N. Y. 510; *Moore* v. *Jackson*, 2 Abb. (N. C.) 211; *Gold* v. *Carter*, 9 Humph. 369; *Garey* v. *Ellis*, 1 Cush. 306; *Rathbun* v. *Payne*, 19 Wend. 399; *Foley* v. *McKeever*, 56 App. Div. (N. Y.) 517; *Haskell* v. *New Bedford* (1871), 108 Massachusetts, 208; *North Shore Boom Co.* v. *Nicomen Boom Co.*, 212 U. S. 406; *People* v. *Vanderbilt*, 26 N. Y. 287; 28 N. Y. 396; *People* v. *Horton*, 64 N. Y. 610; *Woodman* v. *Kilborn Mfg. Co.*, 30 Fed. Cas. No. 17978; *Hart* v. *Mayor*, 9 Wend. 571.

The Federal question involved is properly presented by the writs of error to this court.

The immunity claimed by the plaintiff in error under a proper construction of the act of March 3, 1889, presents a substantial Federal question to this court.

There can be no doubt that where a person claims a right under a Federal statute to carry on his business in a certain way and this right is denied him by any court, the question whether or not he has been deprived of his right or immunity is one which this court is authorized to pass

on. Rev. Stat., § 709; *Smalley* v. *Langenon,* 196 U. S. 93; *Belden* v. *Chase,* 150 U. S. 674; *Railroad Company* v. *Maryland,* 21 Wall. 456; *Missouri &c. Co.* v. *Haber,* 169 U. S. 613.

Where it appears that some title, right, privilege or immunity on which the recovery depends will be defeated by one construction of the Constitution or law of the United States, and sustained by the opposite construction, the case is one arising under the laws or Constitution of the United States. *Cooke* v. *Avery,* 147 U. S. 375; *Oil Company* v. *Miller,* 97 Fed. Rep. 690; *Northern Pacific Railway Co.* v. *Soderberg,* 188 U. S. 526; *Doolan* v. *Carr,* 125 U. S. 618.

The immunity claimed by the defendant is sustained by a proper construction of the statute.

The motion to affirm is premature and should not be granted before the cases have been reviewed upon the writs of error. *Steel* v. *Culver,* 211 U. S. 26; *Micas* v. *Williams,* 104 U. S. 556; *Jenkins* v. *Banning,* 23 How. 455; *Welmer* v. *Bauer,* 160 Fed. Rep. 240. *Philadelphia Company* v. *Stimson,* 223 U. S. 605, and *Gring* v. *Ives,* 222 U. S. 365, distinguished.

MR. CHIEF JUSTICE WHITE delivered the opinion of the court.

The cases are before us on a motion to dismiss or affirm, and the facts essential to its consideration are these:

The Phœnix Construction Company, defendant in error, brought three actions to recover damages alleged to have resulted from the negligence of the Cornell Steamboat Company, plaintiff in error, in permitting its tugs and canal boats on three separate occasions in the year 1908 to collide with certain scows and other property of the Construction Company on the Hudson River. The cases were tried by a referee, resulting in judgments against the

Steamboat Company, which were affirmed by the Appellate Division of the Supreme Court (146 N. Y. App. Div. 951), and by the Court of Appeals (210 N. Y. 113). These writs of error were then prosecuted to the court below, to which the records were remitted by the Court of Appeals, upon the theory that Federal questions were involved and wrongly decided.

The Construction Company was a contractor for the Board of Water Supply of the City of New York, and in the year 1908 was engaged in making test borings in the bed of the Hudson River for the purpose of determining where it was best to tunnel under the river in the construction of the Catskill Aqueduct. At the times of the collisions complained of boring operations were carried on simultaneously at four points on a line across the river near Storm King Mountain, and it was with plants established at certain of these borings, consisting of pipes, drills, platforms, scows and other property that canal boats in tow of the Steamboat Company collided. The referee found in each case that the location of the borings was known to the masters of the tugs, who had many times passed between them with tows; that upon the nights of the accidents, lights which could be seen for more than a mile were displayed on the borings; that the collisions were the direct result of the negligence of the servants of the Steamboat Company in charge of its tugs, and that the Construction Company was in no wise negligent. In addition considering the defence made by the Steamboat Company that it was not liable because the structures of the Construction Company were unlawful obstructions in the channel, erected and maintained without a lawful permit from the Secretary of War, and without authority of Congress, as required by §§ 9 and 10 of the act of March 3, 1899 (c. 425, 30 Stat. 1121, 1151; U. S. Comp. Stat. 1901, p. 3541), the findings of the referee were in substance these: In 1906, upon the application of the

Board of Water Supply of New York City, a permit was
issued by the Secretary of War authorizing borings to be
made in the bed of the Hudson River at certain points
near New Hamburg, and that subsequently such permit
was modified by communications signed by members of
the corps of engineers of the United States army located
in New York City and having charge of the district in
which the work was being executed, so as to permit the
borings to be carried on at points near Storm King.   Under
these facts the referee stated that in his opinion it was
extremely doubtful whether the Construction Company
was lawfully authorized to establish its boring plants in the
river, but held that even although the permits did not
constitute lawful authority and the boring plants were
unlawful obstructions in the river, the Steamboat Com-
pany was not because of that circumstance relieved of its
duty to exercise ordinary care, and his decision in each case
was based solely upon the fact that the collisions were
caused by the exclusive negligence of the Steamboat Com-
pany.   In affirming the judgments the Appellate Division
filed no opinion, although it appears that two of the jus-
tices concurred "solely on the ground that authority was
given by the Secretary of War to make the borings and
anchor the barges in the river," from which it is to be in-
ferred that a majority of the court were of opinion that
the judgments were amply sustained by the reasoning of
the referee.   The Court of Appeals, however, while stating
that as the actions were for common law negligence, the
ground of negligence stated by the referee was adequate
to sustain the judgments, also considered the contention
based upon the statute and additionally placed the af-
firmance upon the conclusion that the facts found by the
referee, which were concluded by the unanimous affirmance
by the Appellate Division, were sufficient to establish au-
thority given by the Secretary of War for the operations
carried on by the Construction Company, and that the

contention of the Steamboat Company that action by Congress was essential to authorize the Construction Company to do the work was without foundation.

The assignments of error here insisted upon as involving a Federal question are directed to the conclusions of the Court of Appeals last stated.

Clearly the judgment of the Court of Appeals which is under review rests upon two propositions: (1) The sufficiency of the authority from a Federal point of view under which the Phœnix Construction Company was carrying on its work in the bed of the river, and in the execution of which work it had anchored in the river its barges and other appliances incidental to the boring operations in which it was engaged. (2) The absence of all negligence on the part of the Construction Company resulting from the place where its appliances were anchored in the stream, or from any other cause, and the happening of the accident solely because of negligence on the part, of the Steamboat Company. It is elementary that where the judgment of a state court which is under review by this court rests upon two or more grounds one or more of which are Federal and others of which are not Federal because resting solely upon state grounds independent of Federal rights and which state grounds are therefore completely adequate to sustain the judgment under consideration, no jurisdiction obtains to review. This doctrine it is insisted is here applicable for the following reason: Because conceding that the first proposition, that is, the rightfulness of the acts of the company in placing its appliances in the stream involves Federal questions which are reviewable, the second proposition upon which the court based its decision, that is, the happening of the accident solely as the result of the negligent conduct of the Steamboat Company, is an independent state ground broad enough to sustain the judgment without the necessity of considering the Federal question involved in the first proposition.

But the mistake lies in the contention that the finding that there was no negligence on the part of the Construction Company and that the negligence of the Steamboat Company was the sole cause of the damage suffered involved purely questions of state cognizance involving no Federal considerations whatever. We say this is the error because the determination of the issue of negligence upon the hypothesis that there was no Federal authority given to place the obstructions in the river necessarily involves a consideration of the nature of the obstructions and the ascertainment of whether in and of themselves they so interfered with or impeded the right to navigate the river, that is, to carry on interstate commerce by using the river, as to cause the mere presence of the obstructions to constitute negligence *per se*, that is, to render the conclusion necessary that their mere presence was the efficient and proximate cause of the accident complained of. Because the elements involved in the decision of this Federal question are intermingled with the elements necessary to be considered to determine whether there was negligence irrespective of the Federal right affords no reason for not considering and disposing of the issue which the case presents from the Federal aspect, or to treat it as non-existing. It is indeed true that the fact of negligence in and of itself abstractly considered may be a state question concerning which we would accept, and indeed it may be conceded would be bound by the conclusion of the state court. But when negligence involves and concerns a subject of Federal jurisdiction which it is our duty to decide, to the extent necessary to enable us to discharge that duty, we must consider and review the subject independent of the action of the state court. *Southern Pacific Co.* v. *Schuyler,* 227 U. S. 601, 612.

The motion to dismiss being thus adversely disposed of, it remains to consider the motion to affirm, which we think should be granted because of the entire want of

foundation, that is in substance the frivolousness, of the proposition upon which the contention as to jurisdiction to review must rest, and we have reached this conclusion for the following reasons: (a) because under the circumstances disclosed by the record we are of the opinion that it is manifest that whether the ingredients of negligence be considered from the Federal point of view or from the point of view of the general law it clearly results that the injury which the Construction Company suffered was purely and exclusively, as held by all the courts below, the result of the negligence of the Steamboat Company unaffected in a legal sense by the act of the Construction Company in placing its works in the stream at the places and under the circumstances shown. (b) Because reaching this conclusion we are of the opinion that the question of the sufficiency or insufficiency of the Federal authority by which the appliances of the Construction Company were placed in the river becomes wholly negligible and need not be considered, because even assuming the want of authority, such absence of authority conferred upon the Steamboat Company no right to negligently injure the property of the Construction Company. In other words we are of the opinion that conceding that the appliances and boats of the Construction Company were in the river at the points stated without authority, that fact did not endow the Steamboat Company with a license to become a wrongdoer free from responsibility, and did not exempt it therefore from liability for the consequences of a wrong inflicted solely by its own negligence not contributed to in any way by the Construction Company.

*Affirmed.*