### THE LIBBY MAINE.

(District Court, W. D. Washington, N. D. November 8, 1924.)

No. 8010.

1. Collision ⬤=71(3)—Anchorage of log raft, in harbor without written permit not a bar to recovery of damages.

The mere fact of anchorage of a log raft in a harbor without a written permit held not a bar to the recovery of damages for a collision, which was the result of the negligence of another.

2. Collision ⬤=81—A log raft is a "vessel," subject to the rules as to fog signals.

A log raft is a "vessel," and subject to Inland Rules, art. 15 (Comp. St. § 7888), as to fog signals.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Vessel.]

3. Collision ⬤=82(2)—Vessel entering harbor in fog held in fault for collision with anchored flotilla of logs.

A motor ship, entering a harbor in a fog, held in fault for collision with an anchored flotilla of log rafts, for negligent navigation and excessive speed.

In Admiralty. Suit for collision by George Pankratz against the motor ship Libby Maine, her engines, etc. Decree dividing damages.

On the afternoon of October 10, 1923, a flotilla of six or seven rafts of logs, made fast to each other, was anchored in Seattle harbor just off the fairway, in anchorage ground designated by city ordinance. Lights were placed upon the rafts. During the night a very dense fog arose, and in this

fog the Libby Maine entered the harbor, giving the proper signals provided by the Inland Navigation Rules, and collided with the rafts. At the time of collision the motorship was proceeding at a speed of 2½ to 3 knots per hour. No fog signals of any kind were given from the log rafts or from the tug which anchored them; in fact, the tug, I think, had been taken away. The boom stick of one raft was broken and some of the logs cast adrift. Expense to salvage the logs recovered was occasioned, and other logs were lost. Libelant seeks to recover the expense for salvaging and the value of the lost logs.

Byers & Byers, of Seattle, Wash., for libelant.

Kerr, McCord & Ivey, of Seattle, Wash., for claimant Libby, McNeill & Libby.

NETERER, District Judge. The respondent claims that under sections 9913, 9914, C. S. of Wash., the flotilla of rafts was a public nuisance, in that it obstructed navigable waters of the harbor, and that under The Admiral Cecille (D. C.) 134 F. 673 (this district), no permit having been obtained, the libelant was clearly at fault, and may not recover.

[1, 2] The mere fact of anchorage without written permit is not a bar, where the injury was the result of the negligence of another.[1] The libelant, however, was clearly at fault in anchoring the flotilla and not giving signals, as provided by article 15 of the Inland Navigation Rules (Comp. St. § 7888). Rafts are as great, if not a greater, menace to navigation, as ordinary water crafts, and must be included within the general term "vessels."[2]

In a recent case in the Eastern district of New York, The Southway, 2 F.(2d) 1009, 1924 A. M. C. 1225, it was held that, when barges are lying at a stakeboat in a fog, each barge must ring a bell to notify passing vessels of the size of the fleet. Ward, Circuit Judge, in The Cohocton, 299 F. 316, 1923 A. M. C. 737, held to the same effect. Precaution on the part of the tug in charge of the rafts, under the circumstances, was necessary. See article 29, Inland Nav.

[1] Fowler v. Harrison, 39 Wash. 617, 81 P. 1055; Switzer v. Sherwood, 80 Wash. 19, 141 P. 181, Ann. Cas. 1917A, 216; Cornell Steamboat Co. v. Phœnix Const. Co., 233 U. S. 598, 34 S. Ct. 701, 58 L. Ed. 1107; Swain v. Mehl, 200 Ill. App. 296.

[2] The Mary (D. C.) 123 F. 609; U. S. v. Marthinson (D. C.) 58 F. 765; Seabrook v. Raft of Railroad Cross-Ties (D. C.) 40 F. 596; U. S. v. One Raft of Timber (C. C.) 13 F. 796; Charles Barnes v. One Dredge Boat (D. C.) 169 F. 895.

Rules (Comp. St. § 7903); Erie & West. Trans. Co. v. City of Chicago, 178 F. 42, 101 C. C. A. 170. A raft of logs is much larger than a barge, and a flotilla, of course, increases the size by the number of rafts. This flotilla, not giving fog signals, was clearly a menace to incoming vessels.

[3] The Libby Maine, entering the harbor in this fog, should have navigated more cautiously—if uncertain, should have dropped anchor until the fog lifted—and is at fault in proceeding at the speed at which she was moving. The Southway, supra; The Watuppa (C. C. A.) 283 F. 8.

Both the parties are at fault, and the damage should be divided. Libelant may have a decree for one-half of the damages; neither party to recover costs.