967 F.2d 587
 15 O.S.H. Cas. (BNA) 1657, 1992 O.S.H.D. (CCH)
P 29,712
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
KNAPPTON CORPORATION, a corporation, and Sundial Booming
Company, a subsidiary corporation, Petitioners,
v.
OCCUPATIONAL SAFETY AND HEALTH REVIEW COMMISSION, Respondent
United States Secretary of Labor, amicus curiae.
 No. 90-70068.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 5, 1992.
Decided May 29, 1992.
 
 Before CYNTHIA HOLCOMB HALL, O'SCANNLAIN and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Knappton Corporation and its subsidiary, Sundial Booming Company (collectively, "Knappton"), timely petition for review of an adverse decision of the Occupational Safety and Health Review Commission ("Commission"). We have jurisdiction pursuant to 29 U.S.C. § 660(a), and we reverse.
 
 FACTS AND PRIOR PROCEEDINGS
 
 3
 Knappton operates an Oregon log transport business. Trucks carry bundles of logs to Knappton's log booms (i.e., riverside unloading points) where cranes or derricks lift the bundles from the trucks and place the logs directly into the Willamette River. Small boats called "log broncs" or "boom boats" then form the log bundles into rafts which are stored at sites along the river for eventual towing to sawmills or to ships for overseas transport.
 
 
 4
 Compliance officers employed by the United States Department of Labor's Occupational Safety and Health Administration ("OSHA") inspected four Knappton log booms on March 16 and 17, 1989. Because Knappton's cranes and derricks lacked OSHA inspection certificates, the compliance officers concluded that Knappton was in violation of OSHA regulations governing marine terminals and recommended that citations be issued by the Secretary of Labor ("Secretary").
 
 
 5
 Knappton disagreed and filed a notice of contest with the Commission.[1] After the filing of the Secretary's complaint and Knappton's answer, a hearing was held before an administrative law judge ("ALJ") on the question whether Knappton's log booms were "marine terminal[s]" within the definition of 29 C.F.R. § 1917.2(u). The ALJ upheld the Secretary's interpretation and Knappton petitioned for review, asserting the same arguments on appeal that were raised below.
 
 ANALYSIS
 
 6
 Before reaching the merits of this appeal, we must first dispose of a housekeeping matter. Knappton named the Commission and not the Secretary as respondent in its petition for review.[2] The Secretary has moved to amend the caption, arguing that it does not reflect her status as the adverse party in interest. We agree, and direct that the caption be amended to reflect the Secretary's status as a party to this appeal. Cf. Martin v. Occupational Safety & Health Review Comm'n, 111 S.Ct. 1171, 1174 (1991) ("[T]he Secretary ha[s] the right to seek review of an adverse Commission order in the court of appeals").
 
 
 7
 Turning now to the merits of this appeal, we note that " 'an agency's construction of its own regulations is entitled to substantial deference.' " Martin, 111 S.Ct. at 1175 (quoting Lyng v. Payne, 476 U.S. 926, 939 (1986)). Even where "the meaning of [regulatory] language is not free from doubt, the reviewing court should give effect to the agency's interpretation so long as it is reasonable, that is, so long as the interpretation sensibly conforms to the purpose and wording of the regulations[.]" Id. at 1176 (citations and internal quotations omitted).
 
 
 8
 The purpose of the regulation in question is clear. As evidenced by the various portions of the Federal Register cited by the Secretary in her brief, 29 C.F.R. § 1917 was promulgated by OSHA in response to complaints, largely from the stevedoring industry, about the "fragmentary approach" to regulations governing "the marine terminal portion of the cargo-handling industry." See, e.g., 48 Fed.Reg. 30886 (July 5, 1983). OSHA chose to define a "marine terminal" as a place with "wharves, bulkheads, quays, piers, docks and other berthing locations" involved with "the primary movements of cargo or materials from vessel to shore or shore to vessel." 29 C.F.R. § 1917.2(u).
 
 
 9
 The Secretary has cited to no authority--and our research has disclosed none--that would require us to stretch the above words beyond their obvious meanings. To begin with, the phrase "wharves, bulkheads, quays, piers, [and] docks" clearly implies something more substantial than a mere riverside log boom, particularly when coupled with the generic "and other berthing locations." Ships, not logs and small boats, "berth." Moreover, OSHA's use of the adjective "primary" to qualify "movements" (i.e., "of cargo or materials from vessel to shore or shore to vessel") indicates an intent to limit the application of the regulation to direct transfers of goods to or from vessels, however defined. No such direct transfers of cargo or materials are involved here; logs are simply removed from the backs of trucks and dumped into the river. Finally, even if we were to accept a definition of vessel broad enough to include log rafts, see, e.g., Bethlehem Steel Co. v. United States, 238 F.Supp. 483, 490 (Cust.Ct.1964), rev'd on other grounds, 53 C.C.P.A. 142 (1966), cert. denied, 386 U.S. 912 (1967); The Libby Maine, 3 F.2d 79, 80 (W.D.Wash.1924), it is uncontroverted that no cargo or materials went directly to or from a vessel under the facts of the instant appeal.
 
 
 10
 It is clear from both the history and the wording of 29 C.F.R. § 1917 that the regulation was intended to apply to the range of activities normally associated with stevedoring operations. The only obvious similarity between a stevedoring operation and a log boom, however, is that both involve the use of waterside cranes and derricks. It is upon this similarity that the Secretary grounds her principal argument.
 
 
 11
 If OSHA had intended to regulate the operation of every crane and derrick that happened to be positioned on or near a waterway, it presumably could have done so, but having chosen to word its regulation in a way that plainly excludes its application to nonstevedoring-type operations, we cannot accept the interpretation urged by the Secretary. To hold otherwise would subject Knappton to potential fines for noncompliance with a regulation it could not reasonably have believed applied to the operations at issue here.
 
 
 12
 Because our review of 29 C.F.R. § 1917.2(u) convinces us that the Secretary's interpretation of this regulation conforms neither to the purpose nor to the wording of that regulation, see Martin, 111 S.Ct. at 1176, the petition for review is GRANTED and enforcement of the citations is DENIED. The Clerk is directed to amend the caption as indicated above.
 
 
 
 *
 This disposition is not suitable for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Under the provisions of the Occupational Safety and Health Act of 1970, 29 U.S.C. §§ 651 et seq., the Secretary sets and enforces workplace health and safety standards through her rulemaking powers, while the Commission (a 3-member board appointed by the President with the advice and consent of the Senate) reviews the exercise of those powers by providing employers with evidentiary hearings where they can challenge the Secretary's actions
 
 
 [2]
 Knappton's act of naming the Commission rather than the Secretary as respondent was not improper, as even the Secretary concedes. See Fed.R.App.P. 15(a) ("Review of an order of an administrative agency ... [or] commission ... (hereinafter, the term 'agency' shall include ... commission) shall be obtained by filing ... a petition to ... review.... The petition shall specify the parties ... [and in] each case the agency shall be named respondent")