## THE SNOW DROP.[1]

### UNITED STATES *v.* THE SNOW DROP.

(*Circuit Court, S. D. Mississippi.* January, 1887.)

1. ADMIRALTY—PRACTICE—REV. ST. §§ 2807, 3088.

    Whether a libel can be maintained on the instance side of the court to recover from the vessel, under U. S. Rev. St. § 3088. the penalty imposed on the master and mate for violation of section 2807, both sections being embraced in title 34 of the Revised Statutes, ("Collection of Duties,") without an averment being made as to previous seizure by the customs officers within the district, *quære.* See *The Missouri.* 3 Ben. 508.

2. SAME—21 ST. AT LARGE, 322.

    Under the statute approved February 8, 1881, (21 St. 322,) in order to recover any penalty or forfeiture by force of any of the provisions of title 34 of the Revised Statutes, the government must allege and prove that, at the time of the alleged illegal act charged, the master or owner was a consenting party or privy thereto.

Admiralty Appeal.

*I. B. Harris*, U. S. Atty., for the Government.

*William Grant*, for claimant.

[1] Reported by Joseph P. Hornor, Esq., of the New Orleans bar.

PARDEE, J.   The libel in this case is to recover from the vessel, under section 3088, Rev. St., the penalty imposed on the master and mate for violation of section 2807, Rev. St.; both sections being embraced in title 34, "Collection of Duties," Rev. St.   The libel seems to be brought on the instance side of the court, following the case of *The Missouri*, 3 Ben. 508; no averment being made as to previous seizure by the customs officers within the district.

The claimant urges as fatal to the libel (1) that a previous seizure was necessary as a jurisdictional fact; (2) that the vessel cannot be held until the master has been convicted and the penalty adjudged against him; (3) that the libel does not aver that the owner or master, at the time of the alleged illegal act, was a consenting party or privy thereto.

With regard to the first two objections, I am disposed to adopt the reasoning and conclusions of Judge BENEDICT in *The Missouri, supra,* as I find that since its rendition it has been generally followed in practice in this circuit, and because I find no authoritative decisions to the contrary rendered since the adoption of the Revised Statutes.

It will be noticed that the leading case as to the necessity of seizure to give jurisdiction (*The Ann*, 9 Cranch, 289) was based upon the wording of section 9 of the judiciary act of 1789, (1 St. at Large, 76;) and also that the words of that act, to-wit, "including all seizures under laws of import navigation or trade," etc., are not reproduced in the Revised Statutes in connection with the grant of jurisdiction to the district courts.   However, if we consider the adjudged cases, and the proper construction of admiralty rule 22, the question presented is one of great difficulty; and I should hesitate to give a decision upon it without a more exhaustive examination, and a fuller argument, than has been had in this case.

The question presented under the third objection is one of little difficulty, and is decisive of the case.   By statute approved February 8, 1881, (21 St. at Large, 322,) it is declared as follows:

"That no vessel used by any person or corporation as common carriers, in the transaction of their business as such common carriers, shall be subject to seizure or forfeiture by force of the provisions of title thirty-four of the Revised Statutes of the United States, unless it shall appear that the owner or master of such vessel, at the time of the alleged illegal act, was a consenting party or privy thereto."

In order, therefore, to charge the vessel with responsibility for the alleged illegal act charged in the libel in this case, the consent or privity of the owner or master must appear affirmatively; in other words, must be alleged and proved.   This necessary averment is entirely omitted from the libel; and, under the evidence in the case, it cannot be said to appear, except inferentially, and in a negative way, that the owner or master was a consenting party or privy to the alleged illegal act.   The objection appears to have been taken in the district court, and it was strongly urged in this court; so it is clear that the government proctor has not been surprised, and that the difficulty lays in the facts of the case as well as in the pleading.

The decree will be entered dismissing the libel.