## FORD v. UNITED STATES.

### (Circuit Court of Appeals, Eighth Circuit. September 1, 1919.)

#### No. 5331.

1. COURTS ⬤⟳356—IN ACTION TRIED TO COURT, WHERE FACTS ARE NOT STIPULATED SUFFICIENCY OF EVIDENCE NOT REVIEWABLE.

   Where an action at law is tried by the court, but without a written waiver of a jury, as provided by Rev. St. § 649 (Comp. St. § 1587), and the facts are not stipulated, the sufficiency of the evidence to sustain the judgment cannot be considered on a writ of error (Rev. St. § 700 [Comp. St. § 1668]).

2. INDIANS ⬤⟳35—SEIZURE OF VEHICLES USED FOR INTRODUCTION OF INTOXICATING LIQUORS INTO INDIAN COUNTRY AUTHORIZED.

   Act March 2, 1917, § 1 (Comp. St. 1918, § 4141a), providing for the forfeiture of vehicles used in introducing liquor into Indian country, or where prohibited by federal statute, applies to that part of Oklahoma which was formerly Indian Territory, as to which Act March 1, 1895, § 8 (Comp. St. § 4136b), prohibiting the introduction of liquor into such territory, is still in force.

3. COURTS ⬤⟳503—SEIZURE OF VEHICLE IN FEDERAL COURT TRANSPORTING LIQUOR INTO INDIAN TERRITORY NOR AFFECTED BY REPLEVIN IN STATE COURT.

   The seizure of an automobile under Act March 2, 1917, § 1 (Comp. St. 1918, § 4141a), as having been used in the unlawful introduction of liquor vests the federal court with exclusive jurisdiction over the machine for the purpose of forfeiture proceedings against it, which is not affected by its subsequent seizure under a writ of replevin from a state court.

In Error to the District Court of the United States for the Eastern District of Oklahoma; Ralph E. Campbell, Judge.

Action by the United States against One Maxwell Automobile; Tom Ford, claimant. Judgment for the United States, and claimant brings error. Affirmed.

See, also, 259 Fed. 552, — C. C. A. ——.

Guy H. Sigler, of Ardmore, Okl., for plaintiff in error.

Cliff V. Peery, Asst. U. S. Atty., of Muskogee, Okl. (W. P. McGinnis, U. S. Atty., of Muskogee, Okl., on the brief), for the United States.

Before HOOK and CARLAND, Circuit Judges, and YOUMANS, District Judge.

---

⬤⟳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

260 F.—42

CARLAND, Circuit Judge. [1] Writ of error to reverse a judgment forfeiting one Maxwell automobile for being used in introducing intoxicating liquor from without the state of Oklahoma, into the eastern part of said state, formerly Indian Territory, in violation of section 8, Act of Congress of March 1, 1895 (28 Stat. 697, c. 145 [Comp. St. § 4136b]). The case was tried by the court, which found the facts and entered a judgment of forfeiture.

There is no claim that the facts found do not support the judgment, but it is assigned as error that the evidence does not support the same. If a jury had been waived in writing, this assignment could not be considered, as the question was in no wise raised at the trial. Section 700 R. S. (Comp. St. § 1668); Mason v. United States, 219 Fed. 547, 135 C. C. A. 315, and cases cited. It cannot now be considered, for the reason that it does not appear that a jury was waived in writing. Bond v. Dustin, 112 U. S. 604, 5 Sup. Ct. 296, 28 L. Ed. 835; Ladd & Tilton Bank v. Louis A. Hicks Co., 218 Fed. 310, 134 C. C. A. 106. The judgment contains the following recital:

"And now both parties announce ready for trial and waive jury and agree to try the case before the court."

[2] It is further assigned as error that the facts pleaded in the libel do not support the judgment. This assignment is based upon the contention that the libel does not show that the intoxicating liquor was being introduced into the Indian country. Section 2140, R. S. (Comp. St. § 4141). Since the Indian Appropriation Bill, approved March 2, 1917 (39 Stat. 969, 970, c. 146 [Comp. St. 1918, § 4141a]), this is not necessary. A proviso in that act reads as follows:

"Provided, that automobiles or any other vehicles or conveyances used in introducing, or attempting to introduce, intoxicants into the Indian country, or where the introduction is prohibited by treaty or federal statute, whether used by the owner thereof or other person, shall be subject to the seizure, libel, and forfeiture provided in section 2140 of the Revised Statutes of the United States."

This law would apply to the facts pleaded in this case. United States v. One Cadillac Automobile (D. C.) 255 Fed. 173; United States v. One Buick Automobile (D. C.) 244 Fed. 961; United States v. One Buick Automobile (D. C.) 255 Fed. 793. The history of this legislation, when being passed by Congress, shows that it was intended for such a situation as exists in Oklahoma. 54 Congressional Rec. 2052, 2931, 2970, 3808, 3811.

[3] The United States District Court did not lose jurisdiction over the automobile by the wrongful seizure of the same in a replevin action commenced in the county court of Carter county, Okl. The automobile was seized by the United States deputy marshal on May 18, 1917, who at once notified the proper officer of the United States, so that proceedings for the forfeiture of the automobile could be instituted. The libel in the present case was filed June 15, 1917. The seizure was necessary before the libel could be filed. The Ann, 13 U. S. (9 Cranch) 289, 291, 3 L. Ed. 734; The Silver Spring, Fed. Cas. No. 12,858; Dobbins Distillery v. United States, 96 U. S. 395, 24 L. Ed. 637. The federal court acquired jurisdiction by this seizure, and such jurisdic-

tion was exclusive. Section 256, Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1160 [Comp. St. § 1233]). The seizure by process from the state court was void. Slocum v. Mayberry, 15 U. S. (2 Wheat.) 1, 4 L. Ed. 169; Gelston v. Hoyt, 16 U. S. (3 Wheat.) 246, 4 L. Ed. 381. The reversal of the conviction of Ford does not affect this case. P. Sanford Ross, Inc., Claimant, v. U. S. (June 2, 1919) 250 U. S. 269, 39 Sup. Ct. 452, 63 L. Ed. ——.

Judgment of the court below is affirmed.