. BUSH v. THE CONEJO.

UNITED STATES v. SAME.

(District Court, D. Massachusetts. December 30, 1925.)

Nos. 3219, 3221.

1. **Admiralty ☞25—Owner of yacht libeled, having by possessory libel invoked court's aid, his successor, intervening, may not question jurisdiction.**

Even though court's jurisdiction of libel of information to forfeit yacht depends on there having been a valid seizure, yet, the owner at time of seizure having then filed libel for possession, thus invoking aid of the court, the present owner and claimant, who intervened, cannot now be heard to deny jurisdiction.

2. **Customs duties ☞130—Yacht subject to forfeiture for violating revenue laws.**

Under Comp. St. §§ 7804, 7805, yacht is subject to forfeiture for violation of revenue laws.

3. **Customs duties ☞133—Court not required to shut its eyes to well-known facts relative to forfeiture for violating revenue laws.**

Though there be no direct evidence that duty had not been paid on liquor brought in by yacht libeled for violating revenue laws, and forfeiture should not be lightly decreed, the court need not shut its eyes to well-known facts.

Possessory libel by Lynom A. Bush, and libel of information by the United States, against the gas screw yacht Conejo. Decree of forfeiture.

In No. 3219:

Wm. J. Gould, Daniel A. Shea, and John W. Lowrance, all of Boston, Mass., for libelant Bush.

In No. 3221:

George R. Farnum, Asst. U. S. Atty., of Boston, Mass., for the United States.

Wm. J. Gould, Daniel A. Shea, and John W. Lowrance, all of Boston, Mass., for claimants.

LOWELL, District Judge. The history of the proceedings in these cases is as follows:

The vessel was seized at Lawley's Shipyard for violation of her license as a yacht by bringing liquor into the district of Maine. At the time of her seizure there was no liquor on board. The seizure was made by an official of the Coast Guard Service, who was under instructions to send her to Maine. While in the custody of the Coast Guard, a possessory libel was served on her by Bush, as representative of the owner. The present owner was afterward allowed to intervene. The United States filed a libel of information, alleging that she had committed a breach of her license and praying for forfeiture. The evidence at the hearing established the facts related above, and further showed to my satisfaction that the vessel had carried liquor into Portland and South Freeport, Me.

[1] The chief objection of the claimant as set forth in his exceptions to the libel of information is that the vessel was improperly seized. He relies on The Silver Spring, Fed. Cas. No. 12,858, a decision by Judge Sprague, in this district, which follows The Brig Ann, 9 Cranch, 289, 3 L. Ed. 734. This raises a very interesting question, which, however, need not be decided in the present case. The cases referred to, and many others which might be cited (see The Fideliter, Fed. Cas. No. 4,755, and cases cited), hold that the District Court has no jurisdiction in such cases, unless there is a valid seizure. The claimant contends that the seizure was invalid, and therefore this court has no jurisdiction; but the former owner filed a libel for possession, thus invoking the aid of the court, and the present claimant, who intervened, cannot now be heard to deny the court's jurisdiction. The Abby, Fed. Cas. No. 14; The Lewellen, Fed. Cas. No. 8,307; The Idaho (D. C.) 29 F. 187.

[2, 3] The remaining question is whether the yacht is subject to forfeiture. In The Herreshoff (D. C.) 6 F. (2d) 414, Judge Morton decreed the forfeiture of a yacht for a breach of her license in transporting merchandise for pay.

U. S. Comp. St. § 7804, provides, among other things, that a yacht "shall be liable to seizure and forfeiture for any violation of the provisions of this title" (title 48). The next section of the Compiled Statutes (§ 7805), which comes under the same title, provides that a yacht shall not violate the revenue laws of the United States. While there was no direct evidence that the duty on the liquor imported had not been paid, there is no doubt that such was the case. While forfeiture should not lightly be decreed, it does not seem incumbent on a court to shut its eyes to well-known facts. See The Esther M. Rendle (C. C. A.) 7 F. (2d) 545.

Let a decree of forfeiture be entered.