## UNITED STATES v. CAPON WATER CO.

District Court, E. D. Pennsylvania. January 18, 1929.

No. 586.

George W. Coles, U. S. Atty., of Philadelphia, Pa.

William A. Carr and Carr & Krauss, all of Philadelphia, Pa., for claimant.

DICKINSON, District Judge. There are several of these cases, but the questions raised are two. One of the questions is the lawfulness of the issue of and return to a search warrant issued by a justice of the peace under the state law; the other is a demurrer to a libel (in the form of a motion to dismiss) upon which an attachment issued and a seizure was made of the property of the claimant under the Pure Food and Drugs Act.

We will dispose of all of the cases by the finding of answers to the two questions raised, leaving to counsel to submit an appropriate order in each case in accordance with the rulings made.

### The Motion to Quash.

This is based upon the averment that a search warrant was issued by a justice of the peace under the state law which was irregularly issued, served, and returned. The search warrant was in truth a mere subterfuge device to enable the representatives of the Department of Agriculture to get samples of what the claimant was selling in order to found the libel proceedings next discussed. We do not see what this court has to do with this search warrant proceeding. If the district attorney seeks to use evidence obtained in an unlawful way, the question whether such evidence can be admitted may be determined when raised in the proper way and at the proper time, but we are unconvinced that we can quash the process of a state court issued under a state law.

The motion to quash is denied.

### The Demurrer.

There are a number of grounds of demurrer specially set forth, but we see no need to discuss more than two. The cause is before us following the filing of a libel by the district attorney under the Pure Food and Drugs Act of 1906 (21 USCA § 1 et seq.); the issuance of a writ of attachment thereon; and the seizure of property to which the Capon Water Company has laid claim. One of the grounds of demurrer is that possession of the property is jurisdictional and that without a prior seizure no libel can be filed. Here the libel was first filed, and a seizure under the judicial process of attachment followed. The claimant cites, among others, the two cases following to sustain this ground of demurrer: The Brig Ann, 9 Cranch (13 U. S.) 289, 3 L. Ed. 734; Brewing Co. v. U. S. (C. C. A.) 8 F.(2d) 1.

It may be premised that, the instant cases being in rem, possession of the rem is essential to the exercise of effective jurisdiction by the court. The word "jurisdiction" is, however, used in many different senses. Among them is jurisdiction of the subject-matter and also jurisdiction of the person or of the rem. The first is granted by law; the second is acquired by the service of judicial process.

There are likewise two kinds of seizures. One is an executive seizure which is extrajudicial, or at least the most quasi judicial; the other is a seizure by judicial process.

A revenue officer, for illustration, may be authorized to seize for some infraction of the revenue laws or an officer for a violation of the National Prohibition Law, and in either case with or without the authority of a search warrant issued by some magistrate. In such cases jurisdiction may be granted to a court to determine that the property thus seized may be confiscated or condemned. Here the seizure is jurisdictional in the sense of the court having jurisdiction of the subject-matter. A court may have judicial power over all cases of a given character, as, for instance, courts of admiralty over causes maritime. This power can be exercised, however, only when the court has acquired jurisdiction of the person of the defendant or the rem. This it does by issuing its judicial process in the form of a writ of summons or of attachment or otherwise, as the case may be. Here the service or the seizure is not jurisdictional in the sense of the subject-matter, but only of the person or the rem.

The cited cases belong to the first class. In the Ann Case a vessel had been seized by a revenue officer and sought to be condemned by a decree of the court. The seizure was abandoned and possession thereunder given up. The court, in consequence, was without jurisdiction.

In the Brewery Cases the trial court had held that they belonged to the second class, and had proceeded to a decree following a seizure under the judicial process of a writ of attachment based upon a libel. The Circuit Court of Appeals reversed, holding that the trial court had no jurisdiction to proceed by libel, unless there had been a previous seizure under a search warrant as the cases were of the first class.

In maritime cases the admiralty courts have jurisdiction of the subject-matter, and always proceed by issuing a writ of attachment based upon a libel. There is never a first seizure.

The Pure Food and Drugs Act clearly contemplates two things: One is a proceeding in personam under section 2; the other a proceeding in rem under section 10. The latter confers upon the court jurisdiction of the subject-matter, and hence power to issue judicial process. The procedure is likened to that of proceedings in admiralty.

The pertinent provisions declare that any article of food adulterated or misbranded within the meaning of the act and entering into Interstate Commerce "shall be liable to be proceeded against in any District Court," etc., "and seized for confiscation by a process of libel for condemnation." This surely means the conferring of jurisdiction upon the court to entertain condemnation cases upon the filing of a libel and to acquire jurisdiction of the rem by attachment process, as is done in admiralty cases.

The demurrer in consequence cannot be sustained on the ground that a previous seizure under a search warrant is necessary.

█ The remaining ground of demurrer, which we will discuss, is the broad one that the libel sets forth no cause for the condemnation of the property of the claimant. This is the equivalent of a like demurrer to a statement of claim in an action at law on the ground that no cause of action is disclosed. This calls for a general survey of the act of Congress. It denounces the manufacture of any article of food or any drug which is adulterated or misbranded, so far as Congress possesses the power to legislate on the subject, and declares any violation of the act to be a misdemeanor. It further provides for the condemnation of the article itself by a proceeding in rem, such as the instant proceedings. The term "food" is defined to include drinks and drugs to be "anything intended to be used for the cure, mitigation or prevention of disease," etc. Any drug is adulterated if "in strength or purity below the quality" it is represented to have, and any food if it "consists in whole or in part of a filthy, decomposed or putrid animal or vegetable substance." Any article is misbranded if statements of what it is are "false or misleading in any particular."

The libel is meant to consist, as stated, of what may be called two counts. The first is that of misbranding and the second of adulteration. The misbranding charge is, owing to typographical errors, rendered unintelligible. The adulteration charge is simply in the words of the act, that the said product "consists in part of a filthy, decomposed and putrid animal and vegetable substance." It is often difficult to differentiate an ultimate fact finding from a conclusion of law. An offense consists in the commission of an act, and ordinarily would not be sufficiently pleaded in the words of the statute defining the offense without the addition of a statement of the act which is charged to constitute the offense. Here, however, the act is the adulteration which is charged, and the words of the act are as descriptive of in what the adulteration consists as any added description could be. There may, it is true, be no information in the libel of the specific act of adulteration meant to be charged, but this can be supplied, if need be, through a bill of particulars.

We do not find the libel in this respect to be insufficient in law. Leave is granted the libelant to amend the libel in respect to the charge of misbranding. Assuming this to be done, we are unable to say that the libel does not state a cause of action as a matter of pleading. It may be, for illustration, that the act of Congress condemns only manufactured products, and does not apply to natural waters which are in no sense manufactured products. It may likewise be that the label quoted is not false or misleading, or that the water is not sold as medicinal. It may, of course, be also true that the water is not as described in the libel, and that there is not even anything to condemn the water as unwholesome or render it unfit for drinking. The water, none the less, is stated to be in fact a misbranded and adulterated product, and a trial must determine the truth.

Upon the allowed amendment of the libel being made, orders denying the motions may be entered; the other grounds of demurrer not discussed being overruled.