**CARTLIDGE et al. v. RAINEY.**

No. 12374.

Circuit Court of Appeals, Fifth Circuit.

June 30, 1948.

Rehearing Denied Aug. 7, 1948.

Price Daniel, Atty. Gen. of Tex., William S. Lott, Asst. Atty. Gen. of Tex., and Ned McDaniel, of Wichita Falls, Tex., for appellants.

Mike Anglin and Oscar B. Jones, both of Longview, Tex., for appellee.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

HOLMES, Circuit Judge.

This appeal is from an order temporarily restraining the appellants from removing, damaging, or disposing of a Ford automobile, one case of Southern Comfort, two cases of gin, and sixteen cases of whiskey, which were seized on May 4, 1948, by the sheriff and one of his deputies on a public highway in Wood County, Texas. The car and liquor were enroute from Louisiana to Oklahoma. The driver of the car and his companions were arrested and placed in jail. Two of the occupants pleaded guilty in a state court to charges of violating the Texas Liquor Control Act,[1] and signed a waiver conveying the liquor to the Texas Liquor Control Board.

On May 6, 1948, the appellee filed this suit alleging that the car and the liquor belonged to him; that the liquor had been legally purchased in Louisiana; that he had employed one of the occupants of the car to transport the liquor in interstate commerce through Texas to Oklahoma; that the other occupant and his wife were merely passengers in the vehicle; that the arrest and seizure were without warrant, and without probable cause for either the arrest or seizure; that, at the time of seizure, the car and the whiskey were not being used, possessed, or transported in violation of any state or federal law; and that possession of the same was being illegally withheld from its lawful owner. Federal jurisdiction was predicated upon diversity of citizenship, the presence of federal questions, and the requisite jurisdictional amount.

The appellee further alleged that appellants had threatened to remove the liquor from Wood County, and to dispose of the same by virtue of the written waiver, and the pleas of guilty, all of which were wrongfully obtained by duress and other unlawful means; that he feared, and had good reason to believe, the appellants would abandon the seizure and dispose of the articles seized, thereby defeating the jurisdiction of both the state and federal courts, and depriving him of his property without due process of law, unless the court immediately restrained them from so doing.

The prayer of the complaint was that, upon final hearing, the property be restored to the appellee, and that appellants be enjoined from interference with the continuation of appellee's transportation of said liquor and automobile while enroute to Oklahoma.

On May 8, 1948, suit was instituted in the district court of Wood County, Texas, by the Texas Liquor Control Board, against the liquor, the automobile, the appellee, his employee, and one other occupant of the car, alleging the seizure of the car and the liquor, the possession of the liquor for the purpose of sale, and the transportation thereof in violation of the Texas Liquor Control Act, particularly in violation of Section 4(b) of Article 666 (Art. 666—4(b), Vernon's Penal Code) and Paragraph (12) of Section 17 of Article 666 (Art. 666—17 (12), Vernon's Tex. Penal Code) of that Act; that the liquor and automobile were subject to seizure, and forfeiture to the State of Texas, under the Act; that such suit was brought under the terms of said Act for the purpose of forfeiting the liquor and automobile so seized; and praying for judgment of forfeiture. Service of process was had the same day on Rainey, the appellee.

■ At the time of seizure the appellee's agent had in his possession, and exhibited to the officers for their inspection, a writ-

---

[1] Chapter Eight of Vernon's Penal Code.

ten statement of ownership of the liquor as required by Art. 666, Section 27, of the Texas Liquor Control Act, but he had no permit from the Texas Liquor Control Board to possess or transport said liquor within or through the state. The necessity for said permit is in dispute, but the question has been decided against the appellee's contention by the Court of Criminal Appeals of Texas in Fogle v. State, 133 Tex. Cr.R. 312, 111 S.W.2d 246. We are bound by that decision, which holds that evidence of ownership, as well as a permit to transport it, should accompany all transported liquor. The effect of the Texas Liquor Control Act is to confine the business of transporting intoxicating liquors through the state to those who are licensed as common carriers. The regulation is reasonable, and appropriate to the end in view, and we are not authorized to hold it invalid. In Ziffrin, Inc. v. Reeves, 308 U.S. 132, 60 S.Ct. 163, 84 L.Ed. 128, the court upheld the provisions of the Kentucky Alcohol Beverage Act, which forbade the transportation of intoxicating liquor by carriers other than licensed common carriers. The court said: "The conditions are not unreasonable and are clearly appropriate for effectuating the policy of limiting the traffic in order to minimize well-known evils and secure payment of revenue."

In United States v. Frankfort Distilleries, 324 U.S. 293, 300, 65 S.Ct. 661, 665, 89 L.Ed. 951, Mr. Justice Frankfurter, concurring, said: "As a matter of constitutional law, the result of the Twenty-First Amendment is that a State may erect any barrier it pleases to the entry of intoxicating liquors. Its barrier may be low, high, or insurmountable. Of course, if a State chooses not to exercise the power given it by the Twenty-First Amendment and to continue to treat intoxicating liquors like other articles, the operation of the Commerce Clause [Art. 1, § 8, cl. 3] continues. Since the Commerce Clause is subordinate to the exercise of state power under the Twenty-First Amendment, the Sherman Law [15 U.S.C.A. §§ 1–7, 15 note] deriving its authority from the Commerce Clause, can have no greater potency than the Commerce Clause itself. It must equal-

ly yield to state power drawn from the Twenty-First Amendment." In Duckworth v. Arkansas, 314 U.S. 390, 399, 62 S.Ct. 311, 316, 86 L.Ed. 294, 138 A.L.R. 1144, Mr. Justice Jackson, concurring, said: "The [21st] Amendment might bear a construction that would allow a state to prohibit liquor from entering its borders at all unless by responsible carrier under consignment to some lawful destination within or beyond the state." In Carter v. Virginia, 321 U.S. 131, at page 138, 64 S.Ct. 464, at page 469, 88 L.Ed. 605, Mr. Justice Black said: "I am not sure that state statutes regulating intoxicating liquor should ever be invalidated by this Court under the Commerce Clause except where they conflict with valid federal statutes. * * * The Twenty-First Amendment has placed liquor in a category different from that of other articles of commerce. * * * this much is settled: local, not national, regulation of the liquor traffic is now the general Constitutional policy." In Johnson v. Yellow Cab Transit Co., 321 U.S. 383, 64 S.Ct. 622, 88 L.Ed. 814, the court held the seizure illegal because the transportation of liquors through Oklahoma violated no law of that state. The distinction between that case and this one is that there the transportation was legal, since Oklahoma required no permit, while here the transportation was illegal, since a permit was required but appellee was not eligible to obtain one, and had none.

The above quotations are from concurring opinions, but they were written because the majority opinions went further in upholding the police power of the states to place burdens upon interstate commerce with reference to intoxicants than the writers desired to go under the Commerce Clause, Art. 1, § 8, cl. 3. The concurring judges thought that the decisions should rest upon the Twenty-First Amendment, which all the justices agreed subordinated the Commerce Clause to the power of the states to regulate the use and transportation of intoxicating liquors within their borders.

In Duckworth v. Arkansas, supra, the court mentioned, as within the reserved power of the states, a variety of regulations with reference to local health and

safety, including the transportation of intoxicating liquors. Conceding to the state full authority under the 21st Amendment to determine all reasonable conditions upon which liquor might pass through its territory, the court held that a statute of Arkansas, requiring a permit for the transportation of intoxicating liquors through the state, was not violative of the commerce clause of the federal constitution. Mr. Justice Jackson concurred as to the conviction, but wanted to put the decision solely on the 21st Amendment, which, he said, "obviously gives to state law a much greater control over interstate liquor traffic than over commerce in any other commodity."

In the instant case, forfeiture proceedings against the property on behalf of the State of Texas were instituted four days after seizure thereof and two days after this suit was filed in the federal court. The temporary injunction, which is now before us, was not issued until six days after such proceedings were filed in the state court. The ultimate question on this appeal is whether the court below abused its discretion in granting the injunction, which it did if it had no jurisdiction to grant it or if, as a matter of law, there was no equity on the face of the complaint.

■ The question of jurisdiction cannot be answered categorically. In one sense, the court below had jurisdiction; in another sense, it did not have. In its application to judicial courts there are many kinds of jurisdiction; among them are: state and federal, in rem and in personam, at law and in equity. The court below had federal jurisdiction because of diversity of citizenship, the presence of integral federal questions, and the requisite amount involved in the controversy; it had jurisdiction in personam of all the parties before it; and, therefore, it could issue an injunction against them in a proper case; but it had no actual or constructive jurisdiction in rem of the property that was sought to be replevied, and it could not acquire any such jurisdiction thereof so long as the property remained in the custody of the state court, because when the latter's jurisdiction attached it related to the time of seizure, which was prior to the filing of appellee's action.[2]

■ The scheme of the Texas Liquor Control Act is one of strict regulation, and any contention that liquor may pass through the state without a permit is contrary to Article 666—15 of the Act, which classifies permittees. The actual requirement of a permit is contained in the general prohibitions in Article 666—4. Article 666—15 does not exempt any person or class from the requirement of a permit, but merely authorizes permits to be issued to persons of designated classes. It is under Section (11) of this Article that appellee claims to have been authorized to transport liquors through the state. This section deals only with carriers that are authorized to transport liquor into and out of the state, and between points within the state. The sentence relied on is as follows: "The restrictions contained in *this* Section shall not apply when in the course of an interstate or foreign *shipment* of liquor it is necessary to cross the State in the course of such transportation." (Emphasis supplied.) Appellee contends that this sentence exempts him from the restrictions of the whole act, and makes a permit unnecessary for interstate transportation of liquor through the state. It is our opinion that this section was intended to exempt licensed carriers from furnishing information to the Texas Liquor Control Board of interstate shipments enroute through the state. The annual permit fee for carriers under said section is five dollars. The ap-

2 Cf. U. S. v. Stowell, 133 U.S. 1, at pages 16, 17, 10 S.Ct. 244, at page 247, 33 L. Ed. 555, wherein the court said: "By the settled doctrine of this court, whenever a statute enacts that upon the commission of a certain act specific property used in or connected with that act shall be forfeited, the forfeiture takes effect immediately upon the commission of the act; the right to the property then vests in the United States, although their title is not perfected until judicial condemnation; the forfeiture constitutes a statutory transfer of the right to the United States at the time the offence is committed; and the condemnation, when obtained, relates back to that time, and avoids all intermediate sales and alienations, even to purchasers in good faith."

pellee was not a carrier within the meaning of this section. He did not pay the annual fee required of such carriers, and had no permit. His contention would leave interstate transportation of liquor in private motor cars free from any local regulation under the police power of the State of Texas; and we are forced to reject it.

The state court has jurisdiction in rem of the very property that appellee seeks to recover in this suit. It has been repeatedly affirmed that, where property is in the actual possession of one court of competent jurisdiction, such possession may not be disturbed by process from another court.[3] Therefore, since jurisdiction in rem in the state court was exclusive of such jurisdiction in any other court, it follows that the court below had no jurisdiction to order the property returned to the appellee, which is the principal relief sought on final hearing. The contention is made that the state officers by coercing pleas of guilty, and the acceptance of waivers from occupants of the car, abandoned the seizure and intended to remove the seized articles from the county without granting the appellee a hearing in any court. There is no evidence of any such abandonment or intention, and the court below made no such finding of fact.

The appellee does not claim that he or any occupant of the car had a permit to transport the seized liquors in any area of Texas. From the pleadings and the agreed facts, it is clear that the liquor was seized by the officers as contraband, in connection with the arrest of appellee's employee for a plain violation of the local statute. Since Texas would not have granted him a permit for interstate transportation of this liquor by private carrier, appellee claims that the state law is an unreasonable regulation of the interstate liquor traffic. A similar contention was answered by Mr. Justice Frankfurter as follows: "Less than six years ago this Court rejected the impossible task of deciding, instead of leaving it for legislatures to decide, what constitutes a 'reasonable regulation' of the liquor traffic." Carter v. Virginia, 321 U.S. 131, 142, 64 S.Ct. 464, 88 L.Ed. 605.

The order appealed from in this case is narrower than the final relief sought by the appellee. The jurisdiction exercised by the court below in making the injunctive order was not in rem but in personam; it was not legal but equitable. The preliminary injunction did not disturb the state court's possession of the property or restrain the forfeiture proceedings; nevertheless, we think it was error to grant the injunction, because, although the complaint alleged that the seizure was in violation of law, this was a mere conclusion of the pleader, and the facts stipulated showed that the liquors were being transported without a permit and were contraband at the time of seizure. Moreover, the final relief sought, if granted, would not only interfere with the state court's possession of the property, but would enjoin state officers from preventing a continuation of the criminal act of transportation of liquor without a permit.

It is well settled that equity will not lend its aid to the perpetration of criminal acts. Therefore, there was no equity on the face of the complaint, and the prayer for a preliminary injunction should have been denied. The order appealed from is reversed, the injunction dissolved, and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed.

---

[3] The Brig Ann, 13 U.S. 289, 291, 9 Cranch 289, 3 L.Ed. 734; Slocum v. Mayberry, 15 U.S. 1, 2 Wheat. 1, 4 L.Ed. 169; Ford v. United States, 10 Cir., 260 F. 657; United States v. Twenty-Six Cases of Intoxicating Liquors, D.C., 287 F. 540.