UNITED STATES of America, Plaintiff,

v.

**73.26 ACRES OF LAND LOCATED AT TOWN ROAD # 4, Town of Vershire, Vermont, and 58.63 Acres of Land Located at Town Road # 4, Town of Vershire, Vermont, With all Appurtenances and Improvements Thereon, and 92 Shares of IBM Stock, Defendants.**

Civ. A. No. 89–301.

United States District Court,
D. Vermont.

March 4, 1991.

James J. Gelber, Asst. U.S. Atty., Burlington, Vt., for plaintiff.

Richard Rubin, Rubin, Rona, Kidney & Myer, Barre, Vt., for Pamela Blaire.

Donald Graham, Welch, Graham and Manby, White River Jct., Vt., for defendants.

## OPINION AND ORDER

BILLINGS, Chief Judge.

On January 4, 1991, claimant Pamela Blair moved the court for an order dismissing this forfeiture action on the ground that the court lacks subject matter jurisdiction. Oral argument was heard on February 11, 1991. For the reasons stated herein, claimant's motion is DENIED.

### Background

The government brought this forfeiture action against real and personal property owned by the claimant, Pamela Blair, claiming that the property constituted proceeds of violations of federal drug laws. *See* 21 U.S.C. § 881(a)(7). Pursuant to a warrant issued by the Magistrate, the government seized the property on November 17, 1989. On July 25, 1990, this court held that the seizure of claimant's real property was unconstitutional and ordered that the property be returned to the owners. The government complied with the order and returned possession and control of the real property to the claimant.

Claimant moves for dismissal of the forfeiture action on the ground that because the court is no longer in possession or control of the *res* of this action, it has been divested of subject matter jurisdiction.

### Discussion

Claimant cites a number of cases, dating back to 1815, for the proposition that an executive branch seizure of property that is the *res* of a forfeiture action is a condition precedent to the filing of the forfeiture complaint, and that such a seizure

is the source of the court's jurisdiction over the action.[1] In the seminal case, *The Brig Ann*, 13 U.S. (9 Cranch) 289, 3 L.Ed. 734 (1815), the Supreme Court held that "[b]efore judicial cognizance can attach upon a forfeiture *in rem* ... there must be a seizure; for until seizure, it is impossible to ascertain what is the competent forum." *Id.* 13 U.S. at 290. In *The Rio Grande*, 90 U.S. (23 Wall.) 458, 23 L.Ed. 158 (1874), the Court also recognized that jurisdiction is normally lost when control of the *res* is given up. *Id.* 90 U.S. at 464.

As claimant correctly points out, the various forfeiture cases to which she cites indicate that, until quite recently, these principles have been faithfully followed. *See supra*, note 1. Those cases, however, with but one exception, involve vessels or personal property. As Justice Story noted in *The Brig Ann*, 13 U.S. at 290, the rationale for the jurisdictional limitation with respect to such movable property is clear; it is impossible to ascertain the competent forum until there has been a seizure. In addition, this court notes that where movable property is involved, seizure assures that the property is amenable to service of process. When real property is the *res* of a forfeiture action, such considerations do not apply. *See United States v. Aiello*, 912 F.2d 4, 6 (2d Cir.1990) (stating that the question whether removal of a *res* from the court's territorial jurisdiction destroys the court's *in rem* jurisdiction is inapplicable to real property).

The only case cited by claimant involving a forfeiture of real property is *Dobbins Distillery v. United States*, 96 U.S. 395, 24 L.Ed. 637 (1877). That case, however, included both real *and* personal property. When the Court stated that "judicial proceedings *in rem* cannot in general be properly instituted" absent a valid seizure, the Court was simply noting its jurisdiction

over all of the property involved. *Id.* 96 U.S. at 396 (citing *The Brig Ann*, 13 U.S. (9 Cranch) 289, 3 L.Ed. 734 (1815)). Because the seizure in *Dobbins* was valid, the Court was not forced to distinguish between real and personal property. With respect to that distinction, then, the *Dobbins* Court's statement regarding the source of *in rem* jurisdiction is best categorized as dictum. The use of the qualifying language "in general" leaves open the possibility that real property might be treated differently in a case in which the distinction was meaningful.

The Second Circuit has recently faced such cases on two occasions. In *United States v. The Premises and Real Property at 4492 South Livonia Road*, 889 F.2d 1258, 1265–66 (2d Cir.1989) (*"Livonia I"*), the court affirmed a judgment of forfeiture even though seizure of the property was found to have been invalidly made. When the court revisited this case upon a petition for rehearing, it went further, stating that "the government may initiate forfeiture proceedings of real property containing a home without a seizure by filing a claim and protecting against transfer of the property by filing a lis pendens." *United States v. The Premises and Real Property at 4492 South Livonia Road*, 897 F.2d 659, 661 (2d Cir.1990) (*"Livonia II"*). Thus, a valid seizure is not a condition precedent to the filing of a forfeiture proceeding, nor an absolute requirement for the court's subject matter jurisdiction.

In a later case, the Second Circuit noted this holding and stated that "[i]f seizure bringing property within the court's control is not required to initiate the exercise of *in rem* jurisdiction, the surrender of control would seem not to terminate the court's jurisdiction, provided the property remains amenable to the court's process." *United*

---

1. *See Penn General Casualty Co. v. Pennsylvania*, 294 U.S. 189, 55 S.Ct. 386, 79 L.Ed. 850 (1934); *Dobbins Distillery v. United States*, 96 U.S. 395, 24 L.Ed. 637 (1877); *The Rio Grande*, 90 U.S. (23 Wall.) 458, 23 L.Ed. 158 (1874); *Pelham v. Rose*, 76 U.S. (9 Wall.) 103, 19 L.Ed. 602 (1870); *The Brig Ann*, 13 U.S. (9 Cranch) 289, 3 L.Ed. 734 (1815); *United States v. $84,740*, 900 F.2d 1402 (9th Cir.1990); *United States v. One Lear Jet Aircraft*, 836 F.2d 1571 (11th Cir.1988) (en banc); *United States v. $79,123.49*, 830 F.2d 94 (7th Cir.1987); *United States v. $79,000*, 801 F.2d 738 (5th Cir.1986); *United States v. 66 Pieces of Jade*, 760 F.2d 970 (9th Cir.1985); *The Manuel Arnus*, 141 F.2d 585 (5th Cir.1944); *Yokohama Specie Bank, Ltd. v. Chengting T. Wang*, 113 F.2d 329 (9th Cir.1940).

*States v. Aiello*, 912 F.2d 4, 6 n. 1 (2d Cir.1990) (citing *Livonia I* at 1265–66). Although the *Aiello* court's statement is dictum, it is the view of this court that taken in conjunction with the holding of *Livonia I*, the statement represents the current law of this Circuit, and we apply the same to the facts of this case.

Because real property is the sole subject matter of this forfeiture action, there is no question of its amenability to this court's process. The invalidity of the seizure does not remove the property from this court's jurisdiction. Therefore, claimant's motion is hereby DENIED.

SO ORDERED.