897 F.2d 659
 UNITED STATES of America, Plaintiff-Appellee,
v.
The PREMISES AND REAL PROPERTY AT 4492 SOUTH LIVONIA ROAD,
LIVONIA, NEW YORK, That is, All That Tract or Parcel of Land
Situate in the Town of Livonia, Livingston County, State of
New York, Lined and Being in Land Lot # 39 and Recorded in
Liber 570 at Page 137 of the Livingston County Land Records,
Defendant.
Appeal of Peter SERAFINE, Owner of 4492 South Livonia Road,
Livonia, New York, Claimant-Appellant.
 No. 71, Docket 88-6040.
 United States Court of Appeals,
Second Circuit.
 Argued Jan. 12, 1990.
Decided March 2, 1990.
 
 Richard A. Rothman, New York City (Weil, Gotshal & Manges, Perry A. Carbone, Nancy S. Scherer, of counsel), for claimant-appellant.
 Sara Criscitelli, Attorney, Dept. of Justice, Appellate Section, Criminal Div., Washington, D.C. (Dennis C. Vacco, Rochester, N.Y., U.S. Atty., for the Western District of N.Y., Christopher V. Taffe, Louis J. Gicale, Jr., Asst. U.S. Attys., of counsel), for plaintiff-appellee.
 Before FEINBERG and NEWMAN, Circuit Judges, and DUMBAULD, District Judge.*
 OPINION ON PETITION FOR REHEARING
 PER CURIAM:
 
 
 1
 In deciding this appeal, we held that the seizure of Serafine's property, under the facts and circumstances of this case, was unconstitutional because the seizure was not preceded by notice and hearing. 889 F.2d 1258, 1262-66. We also held that the forfeiture of the property was not tainted by the unlawfulness of the seizure, and we affirmed the judgment of forfeiture. Id. at 1266-71. The government petitioned for rehearing, urging us (1) to reconsider our ruling that the seizure was unconstitutional for lack of notice and a prior adversarial hearing, and (2) in the event that we adhered to that ruling, to clarify the nature of the adversarial hearing. We invited supplemental papers and heard additional oral argument.
 
 
 2
 On the first point, we adhere to our prior ruling. On the second point, we decline to provide clarification, for the following reasons. In ruling that the seizure provision was unconstitutional as applied, we had no occasion to consider whether the constitutional defect could be remedied by construing the seizure provision to require pre-seizure notice and hearing or whether only legislative modification could cure the defect. In its supplemental papers in support of rehearing, the government has now taken the position that, if pre-seizure notice and hearing are required in cases like Serafine's (which it continues to dispute), such procedures cannot be ordered by a court but may be authorized only by an amendment of the statute or the rules. Letter of Sara Criscitelli, Esq., Attorney, Appellate Section, Criminal Division, Department of Justice, to the Clerk of this Court, January 19, 1990, at 8. Appellant Serafine, though supporting our ruling as to the unconstitutionality of the seizure, agrees with the government that we lack the authority to remedy the defect in the seizure provision by statutory construction. Letter from Nancy S. Scherer, Esq., to the Clerk of this Court, February 9, 1990, at 10.
 
 
 3
 The issue of whether we have authority to remedy the constitutional defect is without consequence in this litigation because the validity of the forfeiture has obviated the need for further consideration of the seizure, and, even if we were inclined to adjudicate that issue for the guidance of district judges within this Circuit in future cases, this would be an inappropriate case to resolve the issue because the parties have framed no controversy concerning it. Moreover, now that the Department of Justice has represented that, in its view, we lack authority to remedy the constitutional defect in the seizure provision by statutory construction, we would not expect the government to use the seizure provision in this Circuit in any circumstances to which the Serafine ruling applies. If it chooses, the government may initiate forfeiture proceedings of real property containing a home without a seizure by filing a complaint and protecting against transfer of the property by filing a lis pendens. And nothing that we have said precludes the government from using the seizure provision where exigent circumstances, demonstrated ex parte to the satisfaction of a judicial officer, justify a seizure without prior notice and hearing. 889 F.2d at 1265.
 
 
 4
 Since we are not resolving the issue of whether we have authority to order a pre-seizure hearing, it would be entirely inappropriate to go further and consider the nature of such a hearing, as the government initially requested in its petition.
 
 The petition for rehearing is denied.[1]
 
 
 *
 Honorable Edward Dumbauld, Senior United States District Judge for the Western District of Pennsylvania, sitting by designation
 
 
 [1]
 To the extent that Serafine's papers in opposition to the government's petition contain a cross-petition for rehearing, the cross-petition is denied