**UNITED STATES of America, Plaintiff,**

v.

**A PARCEL OF LAND, BUILDINGS, APPURTENANCES, AND IMPROVEMENTS, KNOWN AS 92 BUENA VISTA AVE., RUMSON, NEW JERSEY, Defendant.**

### Civ. A. No. 89–1411.

United States District Court, D. New Jersey.

July 13, 1990.

Order Aug. 7, 1990.

Neil R. Gallagher, Asst. U.S. Atty., Newark, N.J., for plaintiff.

James A. Plaisted, Walder, Sondak, Berkeley & Bragan, Roseland, N.J., for claimant.

## OPINION ON REQUEST FOR CERTIFICATION TO APPEAL

HAROLD A. ACKERMAN, District Judge.

The United States of America has brought this civil forfeiture action, pursuant to 21 U.S.C. § 881, concerning property known as 92 Buena Vista Avenue, Rumson, New Jersey, (hereinafter the "premises"). Presently before the Court is an application by the claimant, Ms. Beth Ann Goodwin, for certification of this Court's denial of her summary judgment motion and grant of a stay in favor of the government.

The claimant, Ms. Goodwin, previously moved to dismiss the complaint and for summary judgment. Her motion for dismissal of the complaint was based upon the grounds that (1) the seizure of her home was unconstitutional, because there was no probable cause and no preseizure hearing; (2) the property is not subject to forfeiture, because Ms. Goodwin is an "innocent owner"; (3) the verified complaint was based, at least in part, on immunized testimony;

(4) the government unduly delayed in the seizure and/or is barred by the statute of limitations; and (5) the government's refusal to engage in discovery justified dismissal of this action. The government opposed the claimant's motion on all grounds and cross-moved for a stay on discovery and/or a stay of this action.

By an Opinion issued from the bench on May 29, 1990, and filed on or about June 1, 1990, 738 F.Supp. 854,[1] this Court held that the claimant's motion should be denied in all respects and that the government's request for a stay should be granted. The claimant has applied to this Court requesting that the Order denying her summary judgment motion contain a certification permitting her the right to an appeal, pursuant to 28 U.S.C. § 1292(b), subject to the Court of Appeals' discretion. With regard to interlocutory decisions by district courts, 28 U.S.C. § 1292(b) provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he [sic] shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order....

28 U.S.C. § 1292(b) (emphasis supplied).

The Third Circuit set forth the standards governing certification of interlocutory appeals under this provision in *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754 (3d Cir.) (*en banc*), *cert. denied*, 419 U.S. 885, 95 S.Ct. 152, 42 L.Ed.2d 125 (1974). According to *Katz*, the certification of a matter for appeal is discretionary. *Id.* at 754. Each of the three criteria for certification— that the matter (1) involve a controlling question of law; (2) offer substantial

ground for difference of opinion as to its correctness; and (3) materially advance the ultimate termination of the litigation— must be satisfied. *Id.* In addition, "a district court must keep in mind the Third Circuit's admonition that section 1292(b) 'is to be used only in exceptional cases where an intermediate appeal may avoid protracted and expensive litigation.'" *Mattioni, Mattioni & Mattioni, Ltd., v. Ecological Shipping Corp.*, 530 F.Supp. 910, 917 (E.D. Pa.1981).

The first criteria is clearly satisfied here. All of the significant issues involved in this case have been resolved as a matter of law. The issues are also controlling and some involve constitutional questions. *See Johnson v. Alldredge*, 488 F.2d 820, 822–23 (3d Cir.), *cert. denied*, 419 U.S. 882, 95 S.Ct. 148, 42 L.Ed.2d 122 (1974) (questions on immunity, which are purely legal in nature, are appropriate for resolution by way of an interlocutory appeal); *Mattioni, supra*, at 917 (an issue is controlling where "if erroneous, [it] would be reversible error on final appeal"); *cf. Von Bulow by Auersperg v. Von Bulow*, 634 F.Supp. 1284, 1312–13 (S.D.N.Y.1986), *aff'd*, 811 F.2d 136 (2d Cir.), *cert. denied*, 481 U.S. 1015, 107 S.Ct. 1891, 95 L.Ed.2d 498 (1987) (certification is not appropriate with respect to a ruling which does not involve a question of law but an exercise of discretion).

In addition, while I do not for a moment doubt the correctness of the decision I rendered, I recognize that substantial grounds may exist for a difference of opinion. There are few cases discussing the constitutionality of the civil forfeiture of a residence in the absence of a pre-seizure hearing and the courts have taken differing approaches in resolving this issue. *Compare United States v. Property at 4492 S. Livonia Road, Livonia, New York*, 889 F.2d 1258, 1265 (2d Cir.1989), *reh'g denied*, 897 F.2d 659 (2d Cir.1990), with *United States v. A Single Family Residence and Real Property Located at 900 Rio Vista Blvd., Ft. Lauderdale, Fl.*, 803 F.2d 625,

---

**1.** Citations to this Opinion shall hereinafter be referred to as "Op." followed by the appropriate page number.

632 (11th Cir.1986). A pronouncement by the Third Circuit as to the appropriate approach to take in resolving the constitutional questions implicated in such cases would certainly provide instructive precedent.

In addition, there is, apparently, no authority construing the innocent owner defense in a situation such as the present case, namely, where probable cause exists to believe that the property subject to civil forfeiture was purchased with drug proceeds and the claimant did not pay fair value. While there are a number of authorities supporting this Court's conclusion that the innocent owner defense does not apply in such a case, (*see United States v. One Single Family Residence, Miami*, 683 F.Supp. 783, 788 (S.D.Fla.1988) and 738 F.Supp. at 859–61), there are authorities which could, arguably, support a contrary conclusion. *See, e.g., United States v. Four Million, Two Hundred Fifty–Five Thous.*, 762 F.2d 895, 905–06 (11th Cir. 1985), *cert. denied*, 474 U.S. 1056, 106 S.Ct. 795, 88 L.Ed.2d 772 (1986) (indicating that the purpose of the innocent owner defense is to ameliorate the harshness of the rule that all proceeds from drug transactions are subject to forfeiture by requiring knowledge of the drug dealings). Further, with respect to the government's alleged undue delay in the seizure, I recognize that substantial grounds for difference of opinion may exist on this issue as well. *Compare* 738 F.Supp. at 861–62, *with United States v. Kemp*, 690 F.2d 397, 401 & n. 5 (4th Cir.1982). Thus, the second criteria for grant of certification is satisfied.[2]

Lastly, the third criteria is satisfied. Resolution of any one of a number of issues raised by the claimant in her favor could result in an immediate dismissal of this action.[3] On the other hand, this case

has been stayed pending the criminal trial of Mr. Brenna who is now a fugitive and it is difficult to predict, given Mr. Brenna's fugitive status, how long it will be until the stay in this matter may be lifted. There is no apparent reason why the thorny and controlling legal issues posed by this case should not be presented to the Court of Appeals during the course of the stay of this matter. Indeed, this Court's grant of the stay, together with Mr. Brenna's fugitive status and the nature of the controlling legal issues implicated here renders this case "exceptional" and thus appropriate for certification. Accordingly, for all the foregoing reasons, I shall exercise my discretion and certify the issues raised by the claimant's summary judgment motion, as discussed above, for appeal pursuant to 28 U.S.C. § 1292(b).

## ORDER

This matter, having been brought before the Court upon the motion of claimant, Ms. Beth Ann Goodwin, for dismissal of the Complaint and for summary judgment; and the United States of America having opposed said motions on all grounds and having cross-moved for a stay of discovery and/or a stay of this action; and the Court having duly considered the papers submitted in support of and in opposition to said motions, as well as the oral arguments of counsel; and for the reasons stated in this Court's Opinion issued from the bench on May 29, 1990 and filed on June 1, 1990, as well as for the reasons expressed in the Opinion filed on July 13, 1990, relating to the certification of this matter for appeal; and it having come to the Court's attention that this Court's prior Order, dated July 13, 1990 (concerning said motions and the re-

---

**2.** Although the question of whether testimony compelled under a grant of immunity may be used in civil forfeiture proceedings is also somewhat novel, I found that the government had established probable cause for the forfeiture by independent means, and I did not fully consider this issue. *See* 738 F.Supp. at 861 & n. 6.

**3.** While reversal of this Court's decision could result in dismissal of this action, the denial of the claimant's summary judgment motion in

this case verges on a final judgment for the government. In rendering my previous decision, I found that the government had established probable cause to support the forfeiture and that the claimant is not entitled to invoke the innocent owner defense. Thus, the case has effectively been decided in favor of the government, unless the claimant can prove, by a preponderance of the evidence, that the premises were not purchased with drug proceeds. *See* 738 F.Supp. at 857, 857 & 861 n. 5.

quest for certification), was not forwarded to claimant's counsel in time for claimant's counsel to file a petition for permission to appeal within ten days and in compliance with 28 U.S.C. § 1292(b); and for good cause shown,

ORDERED that this Court's prior Order dated July 13, 1990, is hereby vacated; and it is further,

ORDERED that the claimant's motions to dismiss the complaint and for summary judgment are hereby denied in all respects; and it is further,

ORDERED that the motion of the United States of America for a stay of this action pending trial of indictment no 90–6055–CR–GONZALEZ(S) in the United States District Court for the Southern District of Florida is granted. Should the defendant Joseph Brenna's trial be severed from the trial of the remaining defendants because of his fugitive status, the claimant may move for relief from the stay of this matter after the trial of the remaining defendants in that action; and it is further,

ORDERED that the claimant's application pursuant to 28 U.S.C. § 1292(b) to certify for appeal the issues in this Court's Opinion of June 1, 1990 relating to the claimant's motions to dismiss the complaint and for summary judgment is granted, on the grounds that such an appeal involves controlling questions of law as to which there are substantial grounds for difference of opinion and an immediate appeal may materially advance the ultimate termination of the litigation. The controlling questions of law are:

(1) Whether the seizure of claimant's home was unconstitutional because there was no preseizure hearing and, if so, whether the forfeiture proceedings involving said home should be dismissed as a result;

(2) Whether an innocent owner defense may be asserted by a person who is not a bona fide purchaser for value concerning a parcel of land where the government has established probable cause to believe that the parcel of land was purchased with monies traceable to drug proceeds;

(3) Whether the verified complaint in this action was based, in part, upon immunized testimony and if so, whether the forfeiture proceedings must be dismissed as a result; and

(4) Whether the government's claims in this action are barred by the applicable statute of limitations and/or undue delay.