## UNITED STATES of America

v.

## ONE PARCEL OF PROPERTY AT 47 HADDAM VIEW HEIGHTS, HADDAM, CONNECTICUT, With All Appurtenances and Improvements Thereon.

### Civ. N–90–265 (PCD).

United States District Court,
D. Connecticut.

Dec. 20, 1990.

Leslie C. Ohta, Asst. U.S. Atty., New Haven, Conn., for U.S.

Averum J. Sprecher, Middletown, Conn., for Duponts.

## RULING ON MOTION FOR MORE DEFINITE STATEMENT AND MOTION TO DISMISS

DORSEY, District Judge.

A. *Motion for More Definite Statement*

■ The verified complaint, incorporating the search warrant and affidavit, adequately sets forth the facts on which the claim of forfeiture is premised, *United States v. 4492 S. Livonia Rd.*, 889 F.2d 1258, 1266 (2d Cir.1989) ("*Livonia I*"), and enables claimant to frame a response. The information sought in the motion can be obtained by discovery. The motion is denied.

B. *Motion to Dismiss*

Claimants David and Joyce Dupont attack the complaint and procedure related to the probable cause hearing on the following grounds:

(a) The lack of statutory pre-seizure notice violates due process.

(b) The court cannot supply the notice procedure and thus cannot rectify the constitutional due process deficiency.

Claimants would preclude a probable cause hearing, and the attendant consequences if probable cause is found, on a preliminary basis, and telescope the entire proceeding into one. Although claimants are given notice of the probable cause hearing in the form of an order to show cause, in fact the burden of proving probable cause rests with the government.

■ The due process claim with respect to 21 U.S.C. § 881(a)(7), which provides for forfeiture of real property used in relation to certain drug violations, has been decided. *See Livonia I*, 889 F.2d at 1264–65. In *Livonia I*, the Second Circuit held that an ex parte probable cause determination in a forfeiture proceeding violated due process. Nonetheless, the court found that the forfeiture which was later accomplished was valid. *Id.* On rehearing, the Second Circuit did not clarify the nature of the hearing first required. *United States v. 4492 S. Livonia Rd.*, 897 F.2d 659, 661 (2d Cir.1990) ("*Livonia II*"). The Court of Appeals noted the government was only precluded from an ex parte seizure. It did not decide whether it had authority to order a pre-seizure hearing. That holding, or more accurately that nonholding, is not authority for claimants' motion which would bar the government's initiation of a forfeiture action by seeking a seizure authorized by the court on a showing of probable cause in an adversary process. The other alternatives available to the government by which a forfeiture might be commenced are not preclusive of its seeking an initial seizure. Neither *Livonia I* nor *Livonia II* would bar a seizure of property coincident with commencement of a forfeiture action.

The structure of 19 U.S.C. § 1615, its language and its substance at least imply, if not mandate, a preliminary probable cause hearing. The forfeiture authority is found in 21 U.S.C. § 881(a)(7), but § 881(d) invokes 19 U.S.C. § 1615, *Livonia I*, 889 F.2d at 1267, thus allocating the burden of proof of a claim to the property free of forfeiture to the claimant. *See United States v. Banco Cafetero Panama*, 797 F.2d 1154, 1160 (2d Cir.1986) (the Second Circuit has approved the two-step process of showing of probable cause with the claimant then having "the ultimate burden of proving that the factual predicates for forfeiture have not been met); *Livonia I*, 889 F.2d at 1267. The proviso to such allocation of the burden is that "probable cause shall be *first* shown for the institution of such suit or action, to be judged of by the court." 19 U.S.C. § 1615. It is thus clear that the government's commencement

of the forfeiture action, if it is to shift the burden of proof of a claim, is subject to its proof, to the court, of probable cause. Thus, a separate issue of probable cause must be decided first. While this does not specifically authorize a coincident seizure, the logic of such timing and the want of any prohibition of such step is consistent with the government's invocation of the authority of § 881(a), which subjects property to forfeiture and declares that "no property right shall exist [therein]," which has been held to effectuate the forfeiture, if ultimately sustained, as of the time of the acts which subject the property, described in § 881(a)(7), to forfeiture. *O'Reilly v. United States*, 486 F.2d 208 (8th Cir.), *cert. denied*, 414 U.S. 1043, 94 S.Ct. 546, 38 L.Ed.2d 334 (1973). *See Western Pacific Fisheries, Inc. v. SS President Grant*, 730 F.2d 1280 (9th Cir.1984).

Claimants argue that § 881 is unconstitutional by Congress' "excluding pre-seizure notice and adversary hearings." Claimants' Memorandum at 6. This misstates the case, for no such exclusion is expressed or implied in the statute. Section 881 does not expressly provide for a pre-seizure notice and hearing, but that omission is a far cry from precluding such. Although, as discussed above, a hearing may be at least implicitly provided for in 19 U.S.C. § 1615, but regardless the authorities relied on by claimants which bar rewriting of a statute under the guise of construing it are not applicable here. If the hearing here requested by the government before a seizure occurs is not specifically provided for in that statute, honoring the request is not a rewriting of the statute which does not forbid such. This is not a case where the forfeiture procedure is specified in a manner which does not accord with due process. Thus, conducting a due process hearing complies with the constitution and is not precluded by the absence of a specific provision of the statute requiring it. Claimants cite no authority for the prohibition of a due process compliance which is not mandated by the statute under which the process is undertaken.

Claimants incorrectly cite *Livonia II* for the proposition that the government is precluded from seizing the property. A seizure under the facts in *Livonia* is prohibited because it was authorized by the trial court ex parte, a situation held to have denied the claim of due process. *Livonia I*, 889 F.2d at 1265. The government was barred from using the seizure provision "in any circumstances to which the Serafine ruling applies." *Livonia II*, 897 F.2d at 661. That ruling applied to an ex parte authorization. The proposal here is not ex parte. It is not subject to the Serafine ruling in *Livonia I.*

A lis pendens protects against the intervention of a good faith buyer, who has no notice, from the land records, of the forfeiture claim. It informs a subsequent buyer. It does not protect the physical property from damage or destruction, as would a seizure. Thus, the government's interest in a seizure is appropriate and it may be thus asserted and protected as not prohibited. Further, the concept of jurisdiction, in an in rem proceeding, requires that the property be brought within the jurisdiction of the court. Absent some assertion of dominion over the property, query the propriety of the court's exercise of jurisdiction over the property. *See Dobbins' Distillery v. United States*, 96 U.S. 395, 396, 24 L.Ed. 637 (1877).[1] A lis pendens does not bring the property within the court's jurisdiction as does the traditional warrant of arrest in rem. *See Pelham v. Rose*, 76 U.S. 103, 19 L.Ed. 602 (1869).

For these reasons, the motion to dismiss is denied.

SO ORDERED.

---

1. Claimants suggest the property is within the court's jurisdiction as found within the district.

No authority is cited for this contention. It is found to be without merit.